# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| DERRICK LEE WILLIS | CIVIL ACTION NO. 25-0496 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JOHN BALLANCE AND WILLIAM WYSINGER | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss Pursuant to FRCP 12(b)(1) and 12(b)(6) brought by Defendant Bienville Parish Sheriff John Ballance ("Sheriff Ballance"). See Record Document 13. Plaintiff Derrick Lee Willis ("Willis") opposes. See Record Document 16. Sheriff Ballance replied. See Record Document 17. For the reasons stated below, Defendant's Motion to Dismiss Pursuant to FRCP 12(b)(1) and 12(b)(6) (Record Document 13) is **GRANTED**.

## BACKGROUND

The following facts are drawn from the Complaint and are assumed true for the purposes of this motion.

Willis alleges that he was being harassed by "Pay check loans" for approximately three months prior to September 23, 2023. Record Document 7 at 8. On September 21, 2023, Willis received a text message from Ringgold Elementary asking him to call the number. See id. at 7. Because of the prior harassment by Pay check loans, Willis believed that the text message was from Pay check loans rather than Ringgold Elementary. See id. at 8. On September 22, 2023, Willis "sent a complaint to a website connected to Ringgold Elementary school . . .." Id. at 7. However, Willis also alleges this "complaint"

was an email. See id. at 8. For purposes of this Motion, the Court will assume it was an emailed complaint.

On September 22, 2023, Captain John Crawford ("Captain Crawford") with the Bienville Parish Sheriff's Office completed an affidavit stating that Willis emailed Angela Corbin, the principal of the Bienville Parish School Board, and stated the following:

> somebody is using your telephone number to prank my phone, whether it/'s a student, teacher, or parent: I want it to stop or I will start pranking you. I think you should call the FBI the text has a code 129 and when I called your mail box was full. I hope you will take care of it or the damages will be you fought. A dead kid or teacher?

Record Document 13-1.[1] On September 25, 2023, two detectives came to Willis's property to question him about the email. See id. On September 25, 2023, a warrant was issued for Willis's arrest, charging him with terrorizing in violation of La. R.S. 14:40.1. See Record Document 13-1 at 1. On September 26, 2023, William Wysinger and John Ballance held a press release announcing that Willis was being charged with terrorizing. See Record Document 7 at 8. On that same day, Willis was arrested by Shreveport Police Department officers. See id. Willis alleges that Captain Crawford perjured himself in the affidavit supporting the arrest warrant. See id. at 7. Willis was incarcerated at the Claiborne Parish Detention Center ("CPDC") for 16 months until the charges against him were dismissed. See id. at 9. Willis alleges that while incarcerated, he suffered a sinus condition but was not given medical treatment. See id. at 5.

Willis alleges that Sheriff Ballance is responsible for multiple constitutional violations. Although the Complaint does not clearly identify each claim against Sheriff

---

[1] Although Willis contends that his words were misinterpreted, he does not dispute the substance of his email. This information is not contained in the Complaint, but rather an affidavit attached to the Motion to Dismiss. The Court is not only considering the facts alleged in the Complaint, but also Captain Crawford's affidavit and the arrest warrant as explained in Part III(a).

2

Ballance, the Court will exercise its discretion to draw reasonable inferences about the claims Willis intends to assert. The claims against Sheriff Ballance include false arrest, malicious prosecution, First Amendment retaliation, cruel and unusual punishment in violation of the Eighth Amendment, and Monell claims. See id. at 6–7, 9–10. Additionally, the Court believes Willis intends to bring claims based on CPDC's inadequate medical care and Captain Crawford's perjury. See id. at 5, 7. Additionally, Willis requests an insurance adjuster to settle the claim. See id. at 10. Willis alleges approximately $300,000 in damages. See id.

## LAW & ANALYSIS

### I. Pleading and Dismissal Standards

Motions filed pursuant to Rule 12(b)(1) challenge the subject matter jurisdiction of the court to hear a case. See F.R.C.P. 12(b)(1). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming v. U.S., 281 F.3d 158, 161 (5th Cir.2001). For a 12(b)(1) motion, the party asserting jurisdiction is the one that bears the burden of proof that jurisdiction exists. See City of Alexandria v. Fed. Emerg. Mgt. Agency, 781 F. Supp. 2d 340, 346 (W.D. La. 2011). Thus, Willis bears the burden of proving jurisdiction in this matter.

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief and requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To determine whether a complaint is adequate under Rule 8(a)(2), courts now apply the "plausibility"

standard established in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and its progeny. Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555-56. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. In deciding on a Rule 12(b)(6) motion to dismiss, a court generally "may not go outside the pleadings." Colle v. Brazos County, 981 F.2d 237, 243 (5th Cir. 1993). Additionally, courts must accept all allegations in a complaint as true. See Iqbal, 556 U.S. at 678. However, courts do not have to accept legal conclusions as fact. See id. Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive. See id. at 678–79. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id.

While the court typically only considers the content within the four corners of the complaint, the court can consider "documents incorporated into the complaint by reference, . . . matters of which a court may take judicial notice," and "any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint" in deciding an FRCP 12(b)(6) Motion to Dismiss. Tellabs, Inc. v. Makor Issues

& Rights, Ltd., 551 U.S. 308, 322 (2007); Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010).

## II. Summary of the Arguments

Willis urges the Court to appoint an insurance adjuster so that his claims can be settled. See Record Document 7 at 10. In response to this request, Sheriff Ballance argues that the Court lacks subject matter jurisdiction over this claim or that this is not a cognizable claim as a matter of law. See Record Document 13-2 at 15. Willis dismisses this claim in his Memorandum in Opposition. See Record Document 16 at 5.

In support of his false arrest claim, Willis argues that the facts underlying the arrest warrant were misinterpreted and improperly investigated. See Record Document 7 at 6–7. In support of his malicious prosecution and First Amendment retaliation claims, Willis argues that his arrest and detention were in retaliation for his exercise of free speech. See id. Further, Willis argues that Sheriff Ballance violated his Eighth Amendment right to be free from cruel and unusual punishment. See id. at 10.

Sheriff Ballance argues that these claims against him in his individual capacity are barred by qualified immunity. See Record Document 13-2 at 11–12. Additionally, Sheriff Ballance argues that although Willis checked the box to sue Sheriff Ballance in his official capacity, Willis has not asserted any allegations to satisfy the pleading requirements of Monell. See id. at 25–28.

In response to Willis's Eighth Amendment claim, Sheriff Ballance argues that the Eighth Amendment does not apply to pretrial detainees like Willis. See id. at 18. Sheriff Ballance contends that the independent intermediary doctrine insulates him from liability, asserting that the judge's issuance of the warrant broke the causal chain and absolves

Sheriff Ballance of any constitutional violation. See id. at 20–23. Sheriff Ballance further argues that the malicious prosecution and First Amendment retaliation claims fail because there was probable cause to arrest Willis based on the warrant. See id. at 20–25. Willis's response essentially argues that the warrant was invalid because the facts supporting it were misinterpreted. See Record Document 16 at 3.

Willis also asserts a claim based on Captain Crawford's alleged perjury in the affidavit supporting the arrest warrant. See Record Document 7 at 7. Sheriff Ballance asserts that he is the wrong defendant to bring a claim against based on the alleged perjury because the alleged perjury does not involve him. See Record Document 13-2 at 16.

Willis asserts a claim against Sheriff Ballance for failure to provide medical care. See Record Document 7 at 5. Sheriff Ballance argues that he is the wrong defendant to bring this claim against because all allegations surrounding deprivation occurred while Willis was incarcerated at CPDC, which Sheriff Ballance is not affiliated with. See Record Document 13-2 at 16.

**III.   Analysis**

a. Request for Insurance Adjuster

Willis's Complaint requests an insurance adjuster "to estimate the damages" that occurred so that he can get a "fair settlement." See Record Document 7 at 10. However, Willis withdraws this request in his response to Sheriff Ballance's Motion to Dismiss. See Record Document 16 at 5. Given the withdrawal, the Court finds that no further action is necessary.

    b. <u>Consideration of Captain Crawford's Affidavit and the Arrest Warrant</u>

When considering whether a complaint is sufficient at the Rule 12(b)(6) stage, the court generally must rely on the complaint alone for all facts and assume those facts as true. <u>See</u> <u>Colle</u>, 981 F.2d at 243; <u>see</u> <u>Iqbal</u>, 556 U.S. at 678. However, the Court can also rely on documents attached to the motion to dismiss which are central to the claim and documents referenced in the complaint. <u>See</u> <u>Tellabs, Inc.</u>, 551 U.S. at 322. Here, the Complaint discusses how Willis was arrested "on a warrant." <u>See</u> Record Document 7 at 8. Additionally, the Complaint alleges that Captain Crawford perjured himself in the affidavit. <u>See id.</u> at 7. Sheriff Ballance has attached the affidavit and warrant to his Motion to Dismiss. <u>See</u> Record Document 13-1. The affidavit is important to Willis's claims because it provides the Court with the factual basis for the warrant. <u>See id.</u> The warrant is central to Willis's claims as it would be the basis for his arrest, which all of his claims arise out of. <u>See id.</u> Thus, the Court will not only consider the Complaint in its ruling, but also Captain Crawford's affidavit and the arrest warrant.

    c. <u>Qualified Immunity Standard</u>

"When a defendant asserts a qualified-immunity defense in a motion to dismiss, the court has an 'obligation . . . to carefully scrutinize [the pleadings] before subjecting public officials to the burdens of broad-reaching discovery.'" <u>Longoria Next Friend of M.L. v. San Benito Indep. Consol. Sch. Dist.</u>, 942 F.3d 258, 263-64 (5th Cir. 2019) (quoting <u>Jacquez v. Procunier</u>, 801 F.2d 789, 791 (5th Cir. 1986)). To overcome a defense of qualified immunity on a motion to dismiss, a plaintiff "must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." <u>Backe</u>

v. LeBlanc, 691 F.3d 645, 648 (5th Cir. 2012). A district court should only "defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense." See id.

The Court engages in a two-step analysis to determine the applicability of a qualified immunity defense. First, the Court considers whether plaintiff alleged the "violation of a clearly established constitutional right." Pierce v. Smith, 117 F.3d 866, 872 (5th Cir. 1997) (quoting Siegert v. Gilley, 500 U.S. 226, 231 (1991)). Second, the Court considers whether "defendant's conduct was 'objectively reasonable,' measured by reference to the law as clearly established at the time of the challenged conduct.'" Id. (quoting Meadowbriar Home for Child., Inc. v. Gunn, 81 F.3d 521, 530 (5th Cir. 1996)).

The Court will consider Sheriff Ballance's qualified immunity defense under each separate claim.

    d. <u>False Arrest</u>

Willis brings a claim against Sheriff Ballance for false arrest. The existence of probable cause is a prerequisite to any constitutional arrest, which is a "seizure" of a person under the Fourth Amendment. See Michigan v. DeFillippo, 443 U.S. 31, 37 (1979). "Probable cause" is defined as "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Id.

The United States Court of Appeals for the Fifth Circuit has held that where qualified immunity is asserted as a defense to a false arrest, the plaintiff must show that it was "'clearly established that the circumstances with which' the officer 'was confronted

did not constitute probable cause and exigent circumstances.'" Pierce v. Smith, 117 F.3d 866, 871 (quoting Anderson v. Creighton, 483 U.S. 635, 635 (1987)). "[T]here must not even 'arguably' be probable cause for the search and arrest for immunity to be lost." Brown v. Lyford, 243 F.3d 185, 190 (5th Cir. 2001) (internal quotations omitted). Qualified immunity gives "ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." Id. Thus, to prevail on his § 1983 claim of false arrest, Willis must show that there was not even arguable probable cause for his arrest. See Haggerty v. Tex. S. Univ., 391 F.3d 653 (5th Cir. 2004).

Here, Captain Crawford completed an affidavit which quoted the email Willis sent to Angela Corbin. See Record Document 13-1. Based on that affidavit, a neutral magistrate issued an arrest warrant for Willis. See id. Even if Sheriff Ballance was liable for a Fourth Amendment violation based on Willis's arrest, the independent intermediary doctrine breaks the causal chain. See Winfrey v. Rogers, 901 F.3d 483, 496–97 (5th Cir. 2018). The independent intermediary doctrine states that an officer is not liable for an unlawful arrest of an individual if he presents all facts to a neutral magistrate who then issues an arrest warrant. See id. The neutral magistrate's decision to issue a warrant breaks the causal chain of liability. See id.

Here, Willis does not allege that the substance of Captain Crawford's affidavit was incorrect. Rather, Willis argues that his email was misinterpreted as a threat when it was really a question. See Record Document 7 at 6, 8. Considering the email was quoted in Captain Crawford's affidavit, Willis is essentially arguing that the judge's finding of probable cause was based on a misinterpretation of his email.

This Court finds that the email suggests that Willis believed a student, teacher, or parent associated with the school was prank calling his phone. See Record Document 13-1. He insinuates that the school risked the possibility of a "dead kid or teacher" if it failed to intervene. See id. Based on the statements made in the email, the substance of which is undisputed, this Court finds that there was probable cause. Because there was probable cause to arrest Willis, there was no false arrest. Additionally, even if there was not probable cause in fact, there was at least arguable probable cause to trigger qualified immunity. The Motion to Dismiss the false arrest claim is **GRANTED**.

   e. Malicious Prosecution

Willis brings a Fourth Amendment malicious prosecution claim against Sheriff Ballance. See Record Document 7 at 6. The Supreme Court in Thompson v. Clark stated that the primary consideration in a Fourth Amendment malicious prosecution claim is "the wrongful initiation of charges without probable cause." 596 U.S. 36, 43 (2022). The Fifth Circuit has held that a plaintiff bringing a Fourth Amendment malicious prosecution claim must prove the state law elements of the claim. Armstrong v. Ashley, 60 F.4th 262, 279 (5th Cir. 2023). The elements of a malicious prosecution claim under Louisiana law are:

> (1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages.

Id. (citing Gordy v. Burns, 294 F.3d 722, 727 (5th Cir. 2002)).

A necessary requirement for a malicious prosecution claim is the lack of probable cause. As stated above, this Court finds that there was probable cause to arrest Willis. See supra Part III(d). Additionally, even if there was not probable cause in fact, there was

at least arguable probable cause to trigger qualified immunity. Thus, the Motion to Dismiss the malicious prosecution claim is **GRANTED**.

f. First Amendment Retaliation

Willis argues that his arrest and detention were in retaliation for his exercise of free speech. See Record Document 7 at 6. According to the Fifth Circuit, "a plaintiff must show that he was engaged in constitutionally protected activity, the officer's actions injured him, and 'the officers' adverse actions were substantially motivated against Plaintiff's exercise of constitutionally protected conduct.'" Degenhardt v. Bintliff, 117 F.4th 747, 758 (5th Cir. 2024) (citing Alexander v. City of Round Rock, 854 F.3d 298, 308 (5th Cir. 2017)). The Fifth Circuit has also stated that "[a] retaliation claim is only available 'when non-retaliatory grounds are in fact insufficient to provoke the adverse consequences.'" Degenhardt, 117 F.4th at 758 (citing Allen v. Cisneros, 815 F.3d 239, 244 (5th Cir. 2016)). The retaliatory motive must be a but-for cause for the adverse action taken by the officers. See Nieves v. Bartlett, 587 U.S. 391, 399 (2019).

Speech is not protected under the First Amendment if "an objectively reasonable person would interpret such speech as 'a serious expression of an intent to cause a present or future harm.'" Porter v. Ascension Par. Sch. Bd., 393 F.3d 608, 616 (5th Cir. 2004). Additionally, "to lose protection of the First Amendment and be lawfully punished, the threat must be intentionally or knowingly communicated to either the object of the threat or a third person." Id. Here, an objectively reasonable person can interpret Willis's email as a threat to kill a child or teacher for prank calling him. See Record Document 13-1. Additionally, Willis's intent to communicate that threat is evidenced by his email to Angela Corbin. See id. For those reasons, Willis's speech was not protected under the

First Amendment. Because Willis was not engaging in constitutionally protected activity, the First Amendment retaliation claim fails. Thus, the Motion to Dismiss the First Amendment retaliation claim is **GRANTED**.

g. <u>Cruel and Unusual Punishment under the Eighth Amendment and Unlawful Detention</u>

Willis contends that his detention at CPDC violated the Eighth Amendment's prohibition against cruel and unusual punishment. <u>See</u> Record Document 7 at 10. Sheriff Ballance argues that this claim should be dismissed because the Eighth Amendment applies only to people who have been convicted, not to pretrial detainees. <u>See</u> <u>Morin v. Caire</u>, 77 F.3d 116, 120 (5th Cir. 1996). Under well-established precedent, Sheriff Ballance is correct; any Eighth Amendment claim must therefore be dismissed. Likewise, to the extent Willis attempts to assert an unlawful detention claim, that claim must also be dismissed because his detention was supported by probable cause. Thus, the Motion to Dismiss all claims related to Willis's detention is **GRANTED**.

The Court observes that Willis may have been attempting to assert a Sixth Amendment speedy trial claim or a claim based on the delay in instituting prosecution based on his 16-month detention at CPDC. <u>See</u> Record Document 7 at 9. Even assuming such claims were intended, Sheriff Ballance is not the proper defendant considering he is the sheriff of Bienville Parish rather than Claiborne Parish where Willis was detained. Accordingly, any such claims would likewise be subject to dismissal in this action.

h. <u>Monell Claims</u>

Willis contends that Sheriff Ballance is liable to him in his official capacity. <u>See id.</u> at 2. To state a claim against Sheriff Ballance in his official capacity, Willis must satisfy the pleading requirements of <u>Monell</u>. To succeed on a <u>Monell</u> claim against a sheriff's

department, a plaintiff must establish three elements: "(1) an official policy or custom; (2) of which a policy maker can be charged with actual or constructive knowledge; and (3) a constitutional violation whose moving force is that policy or custom." Valle v. City of Houston, 613 F.3d 536, 541–42 (5th Cir. 2010) (internal quotations and citations omitted). Official policy is generally found in "duly promulgated policy statements, ordinances or regulations." Id. A policy can also be evidenced by custom. A custom is a "persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy." Hinojosa v. Butler, 547 F.3d 285, 296 (5th Cir. 2008).

Because the Court has dismissed the underlying claims that would form the basis of any constitutional violation, the third prong of the Monell test is not satisfied. Moreover, Plaintiff alleges no facts establishing the existence of an official policy or custom. Accordingly, the Monell claims are **DISMISSED**.

i. Claims Based on Perjury

Willis alleges that Captain Crawford perjured himself in his affidavit supporting the arrest warrant. See Record Document 7 at 7. However, Willis does not argue that the substance of what was included in the affidavit was incorrect. In fact, Willis acknowledges that he wrote "[a] dead kid or teacher?" in his Memorandum in Opposition. Record Document 16 at 3.

To the extent that these allegations would support a § 1983 claim against Sheriff Ballance in his individual capacity, any such claim would be dismissed as there is no allegation that Sheriff Ballance personally committed perjury. As for any official capacity

claim under § 1983, any such claim would be dismissed because Willis has failed to meet the pleading requirements in Monell. Thus, all claims against Sheriff Ballance involving Captain Crawford's alleged perjury are **DISMISSED**.

j. Inadequate Medical Care

Willis asserts a failure to provide adequate medical care claim against Sheriff Ballance. See Record Document 7 at 5. A pretrial detainee's right to adequate medical care flows from the due process clause of the Fourteenth Amendment. Hare v. City of Corinth, Miss., 74 F.3d 633, 639 (5th Cir. 1996). Here, Willis alleges that he has a sinus condition which was not treated during his incarceration at CPDC. See Record Document 7 at 5. He further contends that CPDC cancelled his Medicaid coverage and required him to pay for medical services, which he could not afford. See id.

Even assuming Willis adequately pleads a Fourteenth Amendment claim, Sheriff Ballance is the improper defendant for this claim. This alleged deprivation occurred during Willis's incarceration at CPDC in Claiborne Parish, which Sheriff Ballance, the Bienville Parish Sheriff, has no affiliation with. A federal court may not redress an "injury that results from the independent action of some third party not before the court." Murthy v. Missouri, 603 U.S. 43, 57 (2024) (citing Simon v. E. Kentucky Welfare Rights Org., 426 U.S. 26, 41–42 (1976)). Because Willis's allegations concern actions taken by CPDC personnel, not Sheriff Ballance, there is no causal connection between Sheriff Ballance and the alleged deprivation. Thus, the Motion to Dismiss the failure to provide medical care claim against Sheriff Ballance is **GRANTED**.

## CONCLUSION

Based on the reasons explained above,

**IT IS ORDERED** that Sheriff Ballance's Motion to Dismiss Pursuant to FRCP 12(b)(1) and 12(b)(6) (Record Document 13) is **GRANTED** and all claims against Sheriff Ballance are **DISMISSED WITH PREJUDICE**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 30th day of September, 2025.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE