# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| DERRICK LEE WILLIS | CIVIL ACTION NO. 25-0496 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JOHN BALLANCE, AND WILLIAM WYSINGER | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss Pursuant to FRCP 12(b)(1) and 12(b)(6) brought by Defendant William Wysinger ("Wysinger"). See Record Document 19. Plaintiff Derrick Lee Willis ("Willis") opposes. See Record Document 23. Wysinger did not reply. For the reasons stated below, Defendant's Motion to Dismiss Pursuant to FRCP 12(b)(1) and 12(b)(6) (Record Document 19) is **GRANTED**.

## BACKGROUND

The following facts are drawn from the Complaint and are assumed true for the purposes of this motion.

Willis alleges that he was being harassed by "Pay check loans" (sic) ("Paycheck Loans," hereinafter "PCL") for approximately three months prior to September 23, 2023. Record Document 7 at 8. On September 21, 2023, Willis received a text message from Ringgold Elementary asking him to call the number. See id. at 7. Because of the prior harassment by PCL, Willis believed that the text message was from PCL rather than Ringgold Elementary. See id. at 8. On September 22, 2023, Willis "sent a complaint to a website connected to Ringgold Elementary school . . .." Id. at 7. However, Willis also alleges this "complaint" was an email. See id. at 8. For purposes of this Motion, the Court will assume it was an emailed complaint.

On September 22, 2023, Captain John Crawford ("Captain Crawford") with the Bienville Parish Sheriff's Office completed an affidavit stating that Willis emailed Angela Corbin, the principal of the Bienville Parish School Board, and stated the following:

> somebody is using your telephone number to prank my phone, whether it/'s a student, teacher, or parent: I want it to stop or I will start pranking you. I think you should call the FBI the text has a code 129 and when I called your mail box was full. I hope you will take care of it or the damages will be you fought. A dead kid or teacher?

Record Document 19-2.[1] On September 25, 2023, two detectives came to Willis's property to question him about the email. See id. On September 25, 2023, a warrant was issued for Willis's arrest, charging him with terrorizing in violation of La. R.S. 14:40.1. See Record Document 19-2 at 1. On September 26, 2023, Wysinger and Bienville Parish Sheriff John Ballance ("Sheriff Ballance") held a press release announcing that Willis was being charged with terrorizing. See Record Document 7 at 8. On that same day, Willis was arrested by Shreveport Police Department officers. See id. Willis alleges that Captain Crawford perjured himself in the affidavit supporting the arrest warrant. See id. at 7. Willis was incarcerated at the Claiborne Parish Detention Center ("CPDC") for 16 months until the charges against him were dismissed. See id. at 9. Willis alleges that while incarcerated, he suffered a sinus condition but was not given medical treatment. See id. at 5.

Willis alleges that Wysinger is responsible for multiple constitutional violations. Although the Complaint does not clearly identify each claim against Wysinger, the Court will exercise its discretion to draw reasonable inferences about the claims Willis intends

---

[1] Although Willis contends that his words were misinterpreted, he does not dispute the substance of his email. This information is not contained in the Complaint, but rather an affidavit attached to the Motion to Dismiss. The Court is not only considering the facts alleged in the Complaint, but also Captain Crawford's affidavit and the arrest warrant as explained in Part III(a).

2

to assert. The claims against Wysinger include malicious prosecution and a Monell claim.[2] See id. at 2, 6. Additionally, Willis requests an insurance adjuster to settle the claim. See id. at 10. Willis alleges approximately $300,000 in damages. See id.

## LAW & ANALYSIS

### I.    Pleading and Dismissal Standards

Motions filed pursuant to Rule 12(b)(1) challenge the subject matter jurisdiction of the court to hear a case. See F.R.C.P. 12(b)(1). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming v. U.S., 281 F.3d 158, 161 (5th Cir.2001). For a 12(b)(1) motion, the party asserting jurisdiction is the one that bears the burden of proof that jurisdiction exists. See City of Alexandria v. Fed. Emerg. Mgt. Agency, 781 F. Supp. 2d 340, 346 (W.D. La. 2011). Thus, Willis bears the burden of proving jurisdiction in this matter.

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief and requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To determine whether a complaint is adequate under Rule 8(a)(2), courts now apply the "plausibility" standard established in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and its progeny. Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint

---

[2] The Court notes that Willis's Complaint asserts many claims, but he does not state that any of them, except the malicious prosecution claim, are directed at Wysinger. The Court includes a potential Monell claim because Willis checked the box that he was suing Wysinger in his official capacity.

3

are true (even if doubtful in fact)." Twombly, 550 U.S. at 555-56. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. In deciding on a Rule 12(b)(6) motion to dismiss, a court generally "may not go outside the pleadings." Colle v. Brazos County, 981 F.2d 237, 243 (5th Cir. 1993). Additionally, courts must accept all allegations in a complaint as true. See Iqbal, 556 U.S. at 678. However, courts do not have to accept legal conclusions as fact. See id. Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive. See id. at 678–79. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id.

While the court typically only considers the content within the four corners of the complaint, the court can consider "documents incorporated into the complaint by reference, . . . matters of which a court may take judicial notice," and "any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint" in deciding an FRCP 12(b)(6) Motion to Dismiss. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010).

## II. Summary of the Arguments

Willis argues that Wysinger is liable to him for malicious prosecution. See Record Document 7 at 4. Willis has checked the box to sue Wysinger in both his individual and official capacities. See id. at 2. Additionally, Willis urges the Court to appoint an insurance adjuster so that his claims can be settled. See Record Document 7 at 10.

In response to these claims, Wysinger argues that he has nothing to do with Willis's arrest or detention. See Record Document 19-1 at 2. As a school employee who is not involved in police work or criminal prosecutions, there is no possible way that Wysinger maliciously prosecuted Willis. See id. at 3. Out of an abundance of caution, Wysinger has addressed several other claims laid out in the Complaint which were directed toward Sheriff Ballance. See id. at 2–4. However, the Court concludes that it need not address these defenses because the Complaint, on its face, does not assert these claims against Wysinger.

In Willis's response, he contends that Wysinger is liable for malicious prosecution because his press release contributed to Willis's wrongful imprisonment. See Record Document 23 at 1. Willis claims that Wysinger used Willis's statement to persuade Sheriff Ballance into arresting Willis. See id. at 2. Additionally, Willis includes several new claims in his opposition, which includes defamation, entrapment, and fraud. See id. at 1–3.

## III. Analysis

a. Request for Insurance Adjuster

Willis's Complaint requests an insurance adjuster "to estimate the damages" that occurred so that he can get a "fair settlement." See Record Document 7 at 10. There is

5

no legal authority for a federal district court to appoint an insurance adjuster to settle a claim between parties. Therefore, this claim is **DISMISSED** for lack of jurisdiction.

b. Willis's Claims

Although Willis's Complaint (Record Document 7) asserts only claims for malicious prosecution and municipal liability under Monell against Wysinger, Willis attempts to raise additional claims in his opposition to the Motion to Dismiss (Record Document 23). However, "[a] claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." Cutrera v. Bd. of Supervisors of Louisiana State Univ., 429 F.3d 108, 113 (5th Cir. 2005). Because the alleged claims for defamation, entrapment, and fraud were not pleaded in the Complaint, the Court will not consider them. Accordingly, the only remaining claims against Wysinger are for malicious prosecution and Monell liability.

c. Consideration of Captain Crawford's Affidavit and the Arrest Warrant

When considering whether a complaint is sufficient at the Rule 12(b)(6) stage, the court generally must rely on the complaint alone for all facts and assume those facts as true. See Colle, 981 F.2d at 243; see Iqbal, 556 U.S. at 678. However, the Court can also rely on documents attached to the motion to dismiss which are central to the claim and documents referenced in the complaint. See Tellabs, Inc., 551 U.S. at 322. Here, the Complaint discusses how Willis was arrested "on a warrant." See Record Document 7 at 8. Additionally, the Complaint alleges that Captain Crawford perjured himself in the affidavit. See id. at 7. Wysinger has attached the affidavit and warrant to his Motion to Dismiss. See Record Document 19-2. The affidavit is important to Willis's claims because it provides the Court with the factual basis for the warrant. See id. The warrant is central

to Willis's claims as it would be the basis for his arrest, which all of his claims arise out of. See id. Thus, the Court will not only consider the Complaint in its ruling, but also Captain Crawford's affidavit and the arrest warrant.

    d. <u>Malicious Prosecution</u>

Willis brings a Fourth Amendment malicious prosecution claim against Wysinger. See Record Document 7 at 6. The Supreme Court in <u>Thompson v. Clark</u> stated that the primary consideration in a Fourth Amendment malicious prosecution claim is "the wrongful initiation of charges without probable cause." 596 U.S. 36, 43 (2022). The Fifth Circuit has held that a plaintiff bringing a Fourth Amendment malicious prosecution claim must prove the state law elements of the claim. See <u>Armstrong v. Ashley</u>, 60 F.4th 262, 279 (5th Cir. 2023). The elements of a malicious prosecution claim under Louisiana law are:

> (1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages.

<u>Id.</u> (citing <u>Gordy v. Burns</u>, 294 F.3d 722, 727 (5th Cir. 2002)). A necessary requirement for a malicious prosecution claim is the lack of probable cause.

As the Court has previously analyzed and determined in a separate Memorandum Ruling on a Motion to Dismiss in this case (Record Document 21), there was probable cause for Willis's arrest.[3] Because there was probable cause, Willis cannot meet the

---

[3] In brief, Willis thought someone from Ringgold Elementary was prank calling him. Willis was arrested because he sent an email to Angela Corbin, who is associated with the school, insinuating that the school risked the possibility of a "dead kid or teacher" if it failed to intervene. Because this email can reasonably be interpreted as a threat, his arrest was based on probable cause. See Record Document 21.

requirements for a malicious prosecution claim. The Motion to Dismiss the malicious prosecution claim is **GRANTED**.

e. Monell Claims

Willis contends that Wysinger is liable to him in his official capacity. See id. at 2. To state a claim against Wysinger in his official capacity, Willis must satisfy the pleading requirements of Monell. To succeed on a Monell claim against a sheriff's department, a plaintiff must establish three elements: "(1) an official policy or custom; (2) of which a policy maker can be charged with actual or constructive knowledge; and (3) a constitutional violation whose moving force is that policy or custom." Valle v. City of Houston, 613 F.3d 536, 541–42 (5th Cir. 2010) (internal quotations and citations omitted). Official policy is generally found in "duly promulgated policy statements, ordinances or regulations." Id. A policy can also be evidenced by custom. A custom is a "persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy." Hinojosa v. Butler, 547 F.3d 285, 296 (5th Cir. 2008).

Because the Court has dismissed any underlying claim that would form the basis of a constitutional violation, the third prong of the Monell test is not satisfied. Moreover, Plaintiff alleges no facts establishing the existence of an official policy or custom. Accordingly, any Monell claims are **DISMISSED**.

f. Any Remaining Claims

Because the Court cannot discern from the Complaint exactly what claims Willis intended to assert against Wysinger, the Court dismisses any claim that could arguably

be construed as asserted against Wysinger. The only factual allegation regarding Wysinger is that he participated in a press release with Sheriff Ballance announcing that Willis had been charged with terrorizing. See Record Document 7 at 8. The Court is unsure of who Wysinger is, his role or job title, or how he is connected to this lawsuit. As Plaintiff has failed to plead sufficient facts to state any plausible claim against Wysinger, all claims purportedly asserted against him are **DISMISSED**.

## CONCLUSION

Based on the reasons explained above,

**IT IS ORDERED** that Wysinger's Motion to Dismiss Pursuant to FRCP 12 (b)(1) and 12(b)(6) (Record Document 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss is **GRANTED** with respect to all claims. These claims are **DISMISSED**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 17th day of October, 2025.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE